918 F.2d 225
 287 U.S.App.D.C. 19
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Anthony JOHNSON, Appellant.
 No. 90-3101.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 26, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED and ADJUDGED that the judgment of conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Anthony Johnson challenges his conviction for possession with the intent to distribute cocaine, in violation of 21 U.S.C. Sec. 841(a). Johnson contends that he was stopped without articulable suspicion by officers of the Metropolitan Drug Interdiction Unit when they began questioning him upon his arrival in Washington. He accordingly argues that evidence of narcotics found in a subsequent consensual search of his tote bag was obtained pursuant to an unlawful seizure and thus should have been suppressed by the district court.
 
 
 5
 This court has rejected the notion that the Fourth Amendment is automatically implicated when a police officer initiates an encounter with a citizen he has no articulable reason to suspect of committing a crime. See United States v. Baskin, 886 F.2d 383, 386 (D.C.Cir.1989), cert. denied, 110 S.Ct. 1831, (1990); United States v. Winston, 892 F.2d 112, 117 (D.C.Cir.1989). "A seizure takes place when a reasonable person would conclude from the circumstances, and the show of authority, that he was not free to leave the officer's presence." United States v. Winston, 892 F.2d at 115.
 
 
 6
 Here, viewing the totality of the circumstances, we conclude that Johnson was not placed in a position in which a reasonable person, innocent of any crime, would not have felt free to leave. Thus, Johnson's encounter with the police officers did not constitute a seizure implicating the Fourth Amendment. Furthermore, the record supports the district court's finding that appellant voluntarily consented to the search. Accordingly, we affirm appellant's conviction.